# Borough of Butler, Appt., *v.* Butler Gas Company and Mutual Gas Fuel Company.

A municipal corporation cannot sustain a bill for perpetual injunction, against a natural gas fuel company, reincorporated under the act of May 29, 1885,* on the ground that the corporation has laid its pipes in the borough without permission, and that such pipes are defective, and cause injury to the property and persons of citizens—where the averments of the bill are denied, and the court upon examination finds the matter complained of is not a public nuisance.

(Argued October 19, 1886. Decided November 1, 1886.)

---

*The act of May 29, 1885, reads as follows:

"§ 13. Companies incorporated under this act and not referred to or included in the next succeeding section hereof, shall not enter upon or lay down their pipes or conduits on any street or highway of any borough or city of this commonwealth, without the assent of the councils of such borough or city by ordinance duly passed and approved."

"§ 14. Any association of persons or corporations heretofore engaged in the business of transporting or dealing in natural gas for any purpose, whether under color of charter or letters patent of the commonwealth, and whether authorized by said charter or letters patent so to do or not, and any corporation by its charter authorized to furnish heat from gas, upon accepting the provisions of this act, by writing under seal of the company, filed in the office of the secretary of the commonwealth, and filing therewith its letters patent or charter (which shall be a surrender and acceptance thereof), shall thereupon be a body corporate hereunder and be entitled to and possessed of all the privileges, immunities, franchises, and powers conferred by this act upon corporations to be created under the same, and all the property, rights, easements, and privileges belonging to said associations and corporations theretofore acquired by gift, grant, conveyance, municipal ordinance, or assignment, upon such acceptance as aforesaid, shall be and hereby is ratified, approved, confirmed, and assured unto such acceptors and corporations, with like effect and to all intents and purposes as if the same had been originally acquired by and under the authority of this act. And such company or corporation shall thereafter be governed solely by the provisions of this act. And the governor shall forthwith issue to the said acceptors letters patent under this act, under the same name as the company bore which surrendered its charter or letters patent: *Provided,* That this section shall only apply to associations or corporations actually engaged in the transportation and supply of natural gas, or the supply of heat from the same, at and prior to the

NOTE.—See note to Meadville Fuel Gas Co. v. Meadville Natural Gas Co. 2 Sad. Rep. 549, for the necessity of municipal consent, and note to Butler's Appeal, 1 Sad. Rep. 219, for municipal control of nuisances.

October Term, 1886, No. 197, W. D., before GORDON, TRUNKEY, STERRETT, and GREEN, JJ. Appeal by the plaintiff from a decree of the Common Pleas of Butler County in equity dismissing a bill for a preliminary injunction and refusing to permit the filing of a supplemental bill. Affirmed.

Bill filed by the borough of Butler, February 7, 1885, against the Butler Gas Company and Mutual Gas Fuel Company for an injunction to prohibit the use by defendants of their gas pipes.

The bill set forth, *inter alia,* that plaintiff is a municipal corporation under act of April 3, A. D. 1851.

That defendant companies are engaged in the business of furnishing natural gas for sale within said borough, pretending to act under several charters, and without permission of said borough, have entered upon the streets, laid pipes, and stored large quantities of natural gas.

That the conduit pipes laid in streets for purposes of conducting and storing natural gas are very defective, second and third hand material, negligently put together; frequent leaks have occurred and more are likely to occur.

That by reason of such leaks the house of John Goetz, in said borough, was demolished, one member of his family killed, and several more severely injured.

That defendants, without any permission or authority from the borough of Butler, have entered, laid pipes, stored natural gas, destroyed a large amount of property, killed one resident, seriously injured a number of others, and are daily and hourly endangering the lives and property of a vast number of citizens.

That the business, as now conducted, is likely to cause irreparable loss of life and property.

---

passage of this act: *And provided further,* That such corporations surrendering their charters and accepting the provisions of this act shall, with such acceptance and as a part thereof, state in writing the place or places where it is presently intended to mine for and produce or receive natural gas, and the place or places to which it is to be presently supplied, the general route of its pipe lines, the term for which the corporation is to exist, the amount of its capital stock, and the number and par value of its shares."

§ 16. That "this act shall not be so construed as to permit any corporation, accepting its provisions under and by virtue of section fourteen hereof, to enter into any city or borough without the assent of councils, except where the corporation, so accepting under section fourteen, had to some extent prior to the passage of this act, begun supplying natural gas within such city or borough or had laid pipes for such purpose therein."

That the franchises of said companies are covered by a $10,-000 mortgage.

That said defendants were notified by the borough authorities to shut off said gas, but said companies, defendants, refused so to do.

That there is no adequate remedy at law, and great and irreparable loss and damage is likely to occur.

That plaintiff denies that defendants have any corporate rights or franchises.

The bill prayed a special preliminary injunction to prohibit defendants from using said pipes now, and upon hearing, to be made perpetual, and that defendants pay costs.

The answer of defendants states that the Butler Gas and Mutual Gas Fuel Companies are legally existing corporations, and as such, with full knowledge, assent, and consent of plaintiff, have been selling natural gas since June, 1883.

That plaintiff has no remedy at law because it has suffered no injury.

That defendants have expended about $45,000 in their works and are not violating any law, ordinance, rule, or custom, nor endangering the lives or property of the citizens of Butler.

That they are faithfully and earnestly obeying the order, decree, and suggestions of the court, guarding and protecting the lives and property of the citizens.

That they are furnishing gas for fuel to 1,500 people, and light to more, and prayed the court to dismiss plaintiff's bill.

On February 27, 1885, the court, HAZEN, P. J., delivered an opinion, refusing the injunction on first application, as follows:

"We are not satisfied that this case demands the remedy asked by the plaintiff, and therefore refuse to make an order granting a special preliminary injunction at this time. We think it best to allow the defendants reasonable time to either renew or repair 'the conduit pipes laid in the said streets' so as to safely conduct the gas to the consumer.

"If the pipes be not either renewed or repaired without delay, so as to secure safety to the people in reach of them, then we will hear another application for a preliminary injunction.

"In case of such further hearing for a special preliminary injunction, we will request one or more of the citizens en-

dangered by the gas escaping from said pipes, now in use, to become parties to this bill.

"Special preliminary injunction refused. Bill directed to be filed."

On the 21st of December, 1885, the plaintiff renewed its application, presenting a supplemental bill which set forth that on the 24th day of February, 1885, it presented a bill in equity praying for special preliminary injunction to restrain defendants.

That since the hearing in that case, to wit, July 29, 1885, the town council of Butler borough passed, in manner provided by law, an ordinance regulating the introduction and use of natural gas in said borough, of which defendants were legally notified and requested to comply with, which they have failed to do, but are openly and daily violating the same.

That the business of storing natural gas and furnishing for use as now conducted by defendants is daily endangering the lives and property of the citizens of said borough, and that great and irreparable loss of life and property is likely to occur at any moment.

That since filing the original bill defendants have encumbered their plant and fixtures by an additional mortgage of $50,000, and that defendants are now encumbered by $60,000 mortgages, which is more than their property would bring at a fair sale, and prayed for leave to file supplemental bill as further reason for special preliminary injunction to restrain defendants, and praying for special preliminary injunction and that defendants pay costs.

Upon the presentation of the supplemental petition and hearing the court delivered the following opinion:

"And now, July 19, A. D. 1886, after full examination and upon bill and answer, it appearing to the satisfaction of the court, it being not denied, if not admitted, that defendant company is a duly incorporated company under and by virtue of the provisions of the act of the general assembly, approved the 29th day of May, A. D. 1885, entitled, 'An Act to Provide for the Incorporation and Regulation of Natural Gas Companies,' and it appearing further that the defendant company under the name of 'The Mutual Gas Fuel Company,' also duly incorporated, had been long before and was on the date of said

recited act, to wit, on the 29th day of May, A. D. 1885, engaged in the business of transporting, storing, selling, and furnishing natural gas to the inhabitants of the borough of Butler, and that it was reincorporated as provided for in said act; and it appearing further that the affidavits filed on the 28th day of February, A. D. 1885, at the hearing of the original bill, related to a different state of facts than those existing now, are therefore inapplicable; and, it appearing further, that the borough of Butler, the plaintiff named in the bill, is not a proper party; and, it appearing further, that the matter complained of is not a public nuisance,—therefore it is ordered, adjudged and decreed as follows:

"1. That not being satisfied that this case demands the remedy prayed for, therefore we refuse to make an order granting a special preliminary injunction.

"2. That not being satisfied that the matter complained of is a public nuisance, or the borough of Butler, plaintiff, is a proper party, we decline to order the supplemental bill to be filed, and therefore dismiss it."

From this decree the plaintiff appealed and assigned as error the action of the court: 1. In dismissing plaintiff's bill for want of proper parties. 2. In decreeing that the incorporation of the companies, defendants, under the act of the 29th of May, 1885, conferred upon them any rights or privileges that they did not have prior to that time. 3. In decreeing that the occupancy of the streets of said borough by the defendants, with their pipes and connections, in such manner as to endanger life and property, is not a public nuisance. 4. In not granting the special preliminary injunction prayed for in plaintiff's bill. 5. In not granting the special preliminary injunction prayed for in plaintiff's supplemental bill. 6. In not permitting plaintiff's supplemental bill to be filed and in dismissing the same.

*Clarence Walker, L. McQuiston,* and *Frank M. Eastman* for appellant.

*Charles McCandless, Thompson & Son,* and *R. P. Scott* for appellees.

PER CURIAM:
Decree affirmed and appeal dismissed, at the costs of appellant.